# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**AFRIKA TOMLINSON,**

      **Plaintiff,**

**v.**                              **Case No.  8:05-cv-1880-T-30MSS**

**GIL MACHIN, in his official capacity as**
**Director of Section 8 Housing of**
**Hillsborough County, Florida; and**
**PATRICIA G. BEAN, in her official capacity**
**as Administrator of Hillsborough County,**
**Florida,**

      **Defendants.**

_____/

## ORDER

      THIS CAUSE comes before the Court upon Plaintiff's Motion and Memorandum for Preliminary Injunction (Dkt. # 3).[1]  The Court, having considered the motion and affidavit, and having been otherwise fully advised, finds that the motion should be denied.  Plaintiff has failed to establish a substantial likelihood of prevailing on the merits of her case.

      Plaintiff alleges that the Defendants' decisions to terminate Plaintiff's Section 8 subsidy violates two principles of due process guaranteed by the Fourteenth Amendment and 24 C.F.R. § 982.555.  First, Plaintiff asserts that the Hearing officer's reliance upon hearsay evidence violated § 982.555(e)(5)'s requirement that the plaintiff "may question any

---

[1]  Plaintiff's motion contains the Affidavit of Afrika Tomlinson in Support of Motion for Preliminary Injunction.

Dockets.Justia.com

witnesses" during the hearing.  Plaintiff complains that by relying on hearsay testimony, the hearing officer denied Plaintiff the right to "confront and cross-examine witnesses."

The Court disagrees.  Plaintiff misstates the requirements of § 982.555(e)(5).  The plain language of § 982.555(e)(5) only requires that a party is given the opportunity to question any witnesses, it does not mandate that a party has a right to "confront and cross-examine witnesses."  Moreover, Plaintiff's position ignores the second sentence of § 982.555(e)(5), which states that "[e]vidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings."  Plaintiff's argument is contrary to the plain language and intent of the regulation.

Second, Plaintiff argues that Hillsborough County's Administrative Plan 2004-2005 impermissibly alters the burden of proof established in 24 C.F.R. § 982.555(e)(6), which states that "[f]actual determinations relating to the individual circumstances of the family shall be based upon a preponderance of the evidence presented at the hearing."  The Court finds that the Administrative Plan, which provides that "[t]he burden of proof that the individual is a visitor rests on the family," did not alter § 982.555(e)(6)'s requirements requiring a preponderance of the evidence for factual determinations.  Hillsborough County, as the public housing authority, still had to establish by a preponderance of the evidence that Mr. Golden was an unauthorized resident.  However, as the hearing officer clearly stated in the Informal Due Process Record, the finding that Plaintiff had an unauthorized person residing in her unit was "[b]ased on the preponderance of the evidence."  Accordingly, Plaintiff's motion for a preliminary injunction is denied.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion and Memorandum for Preliminary Injunction (Dkt. # 3) is

DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 13, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2005\05-cv-1880.deny mot tro.wpd